PITTMAN, Judge,
dissenting.
Under § 21 of “The Civil Service Act of Dothan,” as amended, an appointing authority “may discharge an employee in the classified service, whenever he considers the good of the service and the welfare of the city will be best served thereby, by making and filing in his office an order to that effect together with the reasons assigned for the discharge.” See § 1, Act No. 92^442, Ala. Acts 1992. Officer Glass may well have been justified in not applying for jobs suggested by the City’s personnel director as to which Officer Glass was not physically or educationally suited; nevertheless, there was substantial evidence presented to the personnel board that Officer Glass is, tragically, unable to continue performing the essential functions of a police officer. Because the appointing authority specified multiple bases for terminating Officer Glass’s employment, and because one of those bases is supported by substantial evidence presented to the personnel board, I believe that “the action and the stated basis for the action are correct” within the rule set forth in Ex parte Beverly Enterprises-Alabama, Inc., 812 So.2d 1189, 1195 (Ala.2001). I therefore respectfully dissent from the reversal.